United States District Court
Southern District of Texas
**ENTERED**
January 22, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SARAH HANNAH GOODMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-3138 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendant's Motion for Summary Judgment (Doc. 18). The court has considered the motion, the parties' briefing, the summary judgment evidence, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion be **GRANTED**.

### I.  Case Background

Plaintiff filed this insurance action seeking proceeds of a homeowners policy, as well as other damages, related to Defendant's denial of coverage for the flooding of her home during heavy rain on May 14, 2016.[2]

A few days after the flooding event, Plaintiff filed a claim with Defendant seeking coverage for damage to her property.[3]

---

[1]     This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 21, Ord. Dated Sept. 3, 2019.

[2]     See Doc. 1, Ex. A to Def.'s Not. of Removal, Pl.'s 1st Am. Compl.

[3]     See Doc. 18-2, Ex. B to Def.'s Mot. for Summ. J., Aff. of Karen Jackson p. 1.

Defendant opened a claim and inspected Plaintiff's property.[4]  In a letter dated May 18, 2016, Defendant informed Plaintiff that the damage was not covered under her policy.[5]  The letter stated, "Our investigation revealed that this loss is the result of water damage caused by water from outside the residence premises plumbing system.  Unfortunately, a loss resulting from this cause is excluded from coverage by the terms of your insurance policy[.]"[6] The letter quoted multiple policy exclusions in support of the denial.[7]

On December 27, 2016, after corresponding with Plaintiff's attorney, Defendant sent Plaintiff a second letter "further clarifying its denial[.]"[8] Quoting the same policy exclusions and repeating much of the content of the May letter, the December letter specified four policy exclusions, stating that the water entering the dwelling was "caused by or in conjunction with the following, Pressure from or presence of tree, shrub, or plant roots in the atrium drain pipe, Water damage, Defect, weakness,

---

[4]      See id. pp. 1-2.

[5]      See Doc. 18-2, Ex. B to Def.'s Mot. for Summ. J., Aff. of Karen Jackson p. 2; Doc. 18-2, Ex. B-2 to Def.'s Mot. for Summ. J., Ltr. from Def. to Pl. Dated May 18, 2016.

[6]      Doc. 18-2, Ex. B-2 to Def.'s Mot. for Summ. J., Ltr. from Def. to Pl. Dated May 18, 2016 p. 1.

[7]      See id. p. 2.

[8]      Doc. 18-2, Ex. B to Def.'s Mot. for Summ. J., Aff. of Karen Jackson p. 2; see also Doc. 18-2, Ex. B-3 to Def.'s Mot. for Summ. J., Ltr. from Def. to Pl. Dated Dec. 27, 2016.

inadequacy, fault or unsoundness in Maintenance with debris over the atrium vent cover, and/or Weather conditions."[9]  Regarding water damage, the Policy excluded loss that would not have occurred in the absence of damage from surface water.[10]

On May 9, 2018, Plaintiff filed this case in state court against State Farm Lloyds, Inc., a Texas citizen.[11]  On August 6, 2018, Plaintiff amended her complaint substituting Defendant, which is not a Texas citizen, for State Farm Lloyds, Inc.[12]  Plaintiff described the incident as follows:

> The water that damaged Plaintiff's home entered through a central atrium off the living room. . . . The atrium is a central feature of [Plaintiff's] home opening into the living room. . . . The atrium is completely walled off from the outside and does not have access to the driveway, front or back yard, or any outdoor space. . . . The atrium has loose flagstone, which is laid across its entirety and above the drain so as to allow water access to the drain and to prevent debris from getting to the drain. . . . Water that enters the atrium drains out through plumbing to the street. . . . During the rain that occurred on May 14th 2016, rain fell into the atrium but could not drain because the drainage pipe was occluded.  The water leaked into the house, causing extensive damage.[13]

Plaintiff asserted the following causes of action: (1) breach of

---

[9]     Doc. 18-2, Ex. B-3 to Def.'s Mot. for Summ. J., Ltr. from Def. to Pl. Dated Dec. 27, 2016; see also Doc. 18-3, Ex. C to Def.'s Mot. for Summ. J., Pol'y pp. 9-11.

[10]    Doc. 18-3, Ex. C to Def.'s Mot. for Summ. J., Pol'y p. 10.

[11]    See Doc. 1, Def.'s Not. of Removal p. 1; Doc. 1, Ex. A to Def.'s Not. of Removal, Pl.'s Orig. Compl.

[12]    See Doc. 1, Def.'s Not. of Removal p. 1; Doc. 1, Ex. A to Def.'s Not. of Removal, Pl.'s 1st Am. Compl.

[13]    Doc. 1, Ex. A to Def.'s Not. of Removal, Pl.'s 1st Am. Compl. p. 3.

contract; (2) fraud; (3) intentional fraud; and (4) violation of the Texas Insurance Code.[14]  Plaintiff sought proceeds under the terms of the homeowners policy, punitive damages, and damages for mental anguish, as well as interest, costs, and attorney's fees.[15]

On August 24, 2018, Defendant answered and, on September 5, removed the case to this court.[16]  The case was stayed on September 24, 2018, to allow for the passing of the statutory notice period.[17] On March 11, 2019, the parties filed an agreed motion to lift the stay, which the court granted.[18]  Following the court's denial of Plaintiff's motion to remand in July 2019, Defendant filed the pending motion for summary judgment.[19]  As summary judgment evidence, Defendant attached the affidavit of the Claim Specialist who handled Plaintiff's claim, excerpts from the claim activity file notes, the two letters from Defendant to Plaintiff, and Plaintiff's homeowners policy.[20]  Plaintiff attached no summary

---

[14]    See Doc. 1, Ex. A to Def.'s Not. of Removal, Pl.'s 1st Am. Compl. pp. 13-17.

[15]    See id. pp. 17-19

[16]    See Doc. 1, Def.'s Not. of Removal; Doc. 1, Ex. A to Def.'s Not. of Removal, Def.'s Orig. Ans.

[17]    See Doc. 3, Def.'s Verified Plea in Abatement; Doc. 4, Ord. Dated Sept. 24, 2018.

[18]    See Doc. 6, Jt. Mot. to Lift Abatement; Doc. 7, Ord. Dated Mar. 12, 2019.

[19]    See Doc. 15, Pl.'s Mot. to Remand; Doc. 17, Ord. Dated July 30, 2019, Doc. 18, Def.'s Mot. for Summ. J.

[20]    See Doc. 18, Def.'s Mot. for Summ. J.

judgment evidence to her response.[21]  The motion is fully briefed, and the court takes it under consideration at this time.

## II.  Applicable Legal Standards

Procedural and substantive legal standards inform the court's resolution of the pending motions.

### A.  Legal Standards for Review of Summary Judgment Motions

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A., 759 F.3d 498, 504 (5th Cir. 2014).  A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues.  See Coastal Agric. Supply, Inc., 759 F.3d at 505 (quoting Celotex

---

[21]    See Doc. 29, Pl.'s Resp. in Opp. to Def.'s Mot. for Summ. J. Attached to her motion is a printout from WikiDiff comparing definitions of "atrium" and "patio."  Defendant objected to the attachment as unauthenticated and as hearsay.  The court finds it unnecessary to rely on Plaintiff's attachment and, therefore, **OVERRULES AS MOOT** Defendant's objection.

Corp., 477 U.S. at 323).  If the movant carries its burden, the nonmovant may not rest on the allegations or denials in the pleading but must respond with evidence showing a genuine factual dispute.  See id.

**B.  <u>Legal Standards for the Interpretation of Insurance Policies</u>**

Under Texas law, insurance policies are subject to the rules of contract interpretation.  <u>Progressive Cty. Mut. Ins. Co. v. Sink</u>, 107 S.W.3d 547, 551 (Tex. 2003). "Terms in contracts are given their plain, ordinary, and generally accepted meaning unless the contract itself shows that particular definitions are used to replace that meaning." <u>Bituminous Cas. Corp. v. Maxey</u>, 110 S.W.3d 203, 208-09 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

When a contract as worded can be given "a definite or certain legal meaning," then it is unambiguous, and the court "must construe it as a matter of law." <u>Fiess v. State Farm Lloyds</u>, 202 S.W.3d 744, 746 (Tex. 2006); <u>Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus.</u>, 907 S.W.2d 517, 520 (1995).  The court will not find a contract ambiguous merely because the parties advance conflicting interpretations.  See <u>Kelley-Coppedge, Inc. v. Highlands Ins. Co.</u>, 980 S.W.2d 462, 465 (Tex. 1998).

### III. Analysis

Defendant moved for summary judgment on all of Plaintiff's claims.  Although Defendant discussed other exclusions elsewhere in its motion, Defendant focused, with regard to the breach of

6

contract claim, on the exclusion of losses caused by water damage. In particular, Defendant argued that Plaintiff's loss was caused by surface water entering her home from the atrium.

Plaintiff agrees "that damage from surface water is excluded by the plain language of the policy."[22] However, Plaintiff argues, rainwater that falls into an atrium is not surface water. Plaintiff distinguishes an atrium, which she describes as "an inherent part of the house drained only by plumbing[,]" from a patio, which she describes as "not a part of the dwelling, or house, but . . . merely adjacent to the house."[23] Despite Plaintiff's emphasis on the definitional differences between an atrium and a patio, the only definition that matters belongs to the term "surface waters."

Over many years, Texas courts have consistently defined the term "surface waters," thereby establishing a definite legal meaning. "In the insurance context, surface water has been defined as water or natural precipitation diffused over the surface of the ground until it either evaporates, is absorbed by the land, or reaches channels where water naturally flows. Tsai v. Liberty Mut. Ins. Co., NO. 01-14-00677-CV, 2015 WL 6550769, at *5 (Tex. App.-Houston [1st Dist.] Oct. 29, 2015, no pet.)(unpublished) (internal quotation marks omitted)(quoting State Farm Lloyds v.

---

[22]   Doc. 29, Pl.'s Resp. in Opp. to Def.'s Mot. for Summ. J. p. 3.

[23]   Id. p. 4.

_Marchetti_, 962 S.W.2d 58, 61 (Tex. App.–Houston [1st Dist.] 1997, pet. denied)); _see also_ _Crocker v. Am. Nat'l Gen. Ins. Co._, 211 S.W.3d 928, 933-34 (Tex. App.–Dallas 2007, no pet.); _Valley Forge Ins. Co. v. Hicks Thomas & Lilienstern, L.L.P._, 174 S.W.3d 254, 258 (Tex. App.–Houston [1st Dist.] 2004, pet. denied); _Sun Underwriters Ins. Co. of N.Y. v. Bunkley_, 233 S.W.2d 153, 155 (Tex. Civ. App.–Fort Worth 1950, writ ref'd).

In _Crocker_, 211 S.W.3d at 936, the court applied this established definition in the context of a slightly raised patio on which rain water collected and from whence it flowed into the insured's house.  The court astutely observed that "an average reasonable person would not limit surface water to rain falling only on dirt and not on any paved surfaces or other structures." _Id._ (citing _Smith v. Union Auto Indem. Co._, 752 N.E. 2d 1261, 1266-67 (Ill. App. 2001)).

That rationale applies with equal force here.  With regard to the meaning of the term "surface water," it does not matter that Plaintiff's atrium was a "central feature" of Plaintiff's home, that it was "walled off from the outside[,]" that it did "not have access to the driveway, front or back yard," that flagstone was "laid across its entirety[,]" or that it "drain[ed] out through plumbing to the street."[24]  What matters is that Plaintiff's atrium was open to the sky allowing natural precipitation to fall into it

---

[24]     Doc. 1, Ex. A to Def.'s Not. of Removal, Pl.'s 1st Am. Compl. p. 3.

where the water diffused over the flagstone surface of the ground until it naturally flowed into Plaintiff's house.  In other words, any difference in meaning between atrium and patio is irrelevant, despite Plaintiff's efforts to create an ambiguity for a jury and to distinguish this case from Crocker.  In similar fashion to the court in Crocker, this court finds that an average reasonable person would not limit surface water to precipitation falling only on ground that is covered by flagstone and is not enclosed by walls.  Moreover, neither "atrium" nor "patio" appears in the insurance contract, and the term that does, "surface waters," is clearly defined by Texas law.

Plaintiff conceded that, if the damage resulted from surface waters, as it did here, then the loss was excluded from the Policy. Plaintiff did not address Defendant's arguments in favor of summary judgment on her extra-contractual causes of action as, according to Plaintiff's response, they "pivot on whether the damage resulted from surface water."[25]  The court agrees with Plaintiff on this point.  Accordingly, the court finds that summary judgment should be granted in Defendant's favor on all of Plaintiff's causes of action.

## IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant's Motion for Summary Judgment be **GRANTED**.

---

[25]     Doc. 29, Pl.'s Resp. to Def.'s Mot. for Summ. J. p. 6.

9

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 22nd day of January, 2020.

Nancy K. Johnson
United States Magistrate Judge

10